# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

KENDRA COVILL,

    Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

No. C23-19-LTS-MAR

**ORDER ON REPORT AND RECOMMENDATION**

## I. INTRODUCTION

This matter is before me on a Report and Recommendation (R&R) by the Honorable Mark A. Roberts, United States Magistrate Judge. Doc. 17. Judge Roberts recommends that I remand the case to the Plan Administrator for further development of the record. Specifically, he noted that defendant Unum Life Insurance Company of America (Unum) relied on the definition of "light work" provided in the Enhanced Dictionary of Occupational Titles (eDOT) in denying Covill's request for long-term disability benefits, but did not provide the court with that definition or explain how and why it applies to Covill. *Id.* Neither party has filed objections to the R&R. The period for objections in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Plan Administrator's Decision*

Under the Employee Retirement Income Security Act (ERISA), a party may bring an action to recover benefits under an employee welfare plan. *See* 29 U.S.C. § 1132(a)(1). Because ERISA does not provide a standard of review for actions that challenge benefit eligibility determination, the Supreme Court has held that when a

benefit plan confers discretionary authority to the plan administrator to determine benefit eligibility, abuse of discretion is the proper standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109, 115 (1989).

The abuse of discretion standard of review is extremely deferential. The plan administrator's decision will be reversed only "if it was arbitrary and capricious, meaning it was unreasonable or unsupported by substantial evidence." *McIntyre v. Reliance Standard Life Ins. Co.,* 73 F.4th 993, 1000 (8th Cir. 2023). Courts do not "substitute [their] own weighing of the evidence for that of the administrator." *Id.* A decision will stand so long as it is reasonable. *Johnson v. United of Omaha Life Ins. Co.*, 775 F.3d 983, 989 (8th Cir. 2014). Reasonableness is measured by whether "substantial evidence exists to support the decision, meaning more than a scintilla but less than a preponderance." *Id.* (quoting *Wakkinen v. UNUM Life Ins. Co. of Am.*, 531 F.3d 575, 583 (8th Cir. 2008)). A court must uphold a decision as reasonable "if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." *Ingram v. Terminal R.R. Ass'n of St. Louis Pension Plan for Nonschedule Emps.*, 812 F.3d 628, 634 (8th Cir. 2016) (quoting *Midgett v. Wash. Grp. Int'l Long Term Disability Plan*, 561 F.3d 887, 897 (8th Cir. 2009)). When the plan administrator is both the decision-maker and the insurer, courts "take that conflict into account and give it some weight in the abuse of discretion calculation." *Carrow v. Standard Ins. Co.*, 664 F.3d 1254, 1259 (8th Cir. 2012). Nonetheless, "[o]nly when the evidence relied on is overwhelmed by contrary evidence may the court find an abuse of discretion." *McIntyre*, 73 F.4th at 1000 (quoting *Whitley v. Standard Ins. Co.*, 815 F.3d 1134, 1142 (8th Cir. 2016)).

B.  *Review of Report and Recommendation*

A district judge reviews a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations

2

as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); N.D. IA. L.R. 72(d), 72A (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. ANALYSIS

After a thorough discussion of the record and the background of the case, *see* Doc. 17 at 3-24, Judge Roberts recommended remand for further development of the record because Unum did not disclose the eDot's definition of "light work" or explain how and why the definition applies to Covill. *Id.* at 29-30. The eDOT is a disability determination tool created by the Economic Research Institute. Judge Roberts noted that the Dictionary of Occupational Titles (DOT) states that the strength requirement for a dental hygienist is "light work." *Id.* at 29. The DOT does not include frequent sitting in its definition of "light work." Unum contended, however, that the eDOT's definition of "light work" includes frequent sitting and it relied on this definition to conclude that Covill was not entitled to long-term disability benefits. *Id.* at 28. Judge Roberts explained that the court lacks access to the eDOT and that Unum's failure to provide the definition and analysis as it relates to Covill left the court "unable to adequately review Unum's appeal decision." *Id.* at 29.

Because neither party objected to the R&R, I have reviewed it for clear error. Judge Roberts correctly determined that Unum's failure to provide the eDOT's definition of "light work" prevents the court from adequately reviewing the decision. Therefore, a remand is appropriate. Section 1132(a) of the ERISA statute provides courts with a "range of remedial powers ... and returning the case to a plan administrator for further consideration is often appropriate." *King v. Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 1005 (8th Cir. 2005) (en banc). In ERISA cases, "[a] reviewing court must remand a case when the court or agency fails to make adequate findings or explain the rationale for its decision." *Abram v. Cargill, Inc.*, 395 F.3d 882, 887 (8th Cir. 2005), *superseded by regulation on other grounds in Midgett v. Wash. Grp. Int'l Long Term Disability Plan*, 561 F.3d 887 (8th Cir. 2009); *see also Rote v. Titan Tire Corp.*, 611 F.3d 960, 962 (8th Cir. 2010) (noting that the district court remanded a claimant's matter for the denial of disability benefits under ERISA to the plan administrator because her decision was conclusory and lacked explanation).

4

Based on my review of the record, I find no error – clear or otherwise – in Judge Roberts' recommendation. As such, I adopt the R&R in its entirety.

## IV. CONCLUSION

For the reasons set forth herein, I hereby **adopt** the Report and Recommendation (Doc. 17) **without modification**. The matter is hereby **remanded** to the Plan Administrator for further development of the record.

**IT IS SO ORDERED** this 29th day of August, 2024.

_____
Leonard T. Strand
United States District Judge